UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| NATIONAL INSTITUTE OF FAMILY AND LIFE ADVOCATES, ASPIRE TOGETHER INC., BRANCHES PREGNANCY RESOURCE CENTER, INC., <br>　　　　　Plaintiffs, <br><br>　　　　　v. <br><br>CHARITY CLARK, in her official capacity as Attorney General of the State of Vermont; SARAH COPELAND HANZAS, in her official capacity as Secretary of the State of Vermont; KEVIN RUSHING, in his official capacity as Director of the Office of Professional Regulation; MARK LEVINE, in his official capacity as the Commissioner of Health of the State of Vermont; THE INDIVIDUAL MEMBERS OF THE VERMONT BOARD OF MEDICAL PRACTICE, in their official capacities; THE INDIVIDUAL MEMBERS OF THE VERMONT BOARD OF NURSING, in their official capacities; COURTNEY BOWERS, in her official capacity as Naturopathic Physician Advisor; <br>　　　　　Defendants. | Civil No. 2:23-CV-00229-wks |

## **ANSWER**

Defendants respond as follows to each of the allegations set forth in the Amended Complaint filed by Plaintiffs National Institute of Family and Life Advocates; Aspire Together, Inc., and Branches Pregnancy Resources Center, Inc. in the above-captioned action:

### INTRODUCTION

1. Admitted that Limited Service Pregnancy Centers ("LSPCs") in Vermont offer

    women medical and non-medical information and services free of charge. This

paragraph contains legal conclusions that require no response. All remaining allegations in this paragraph are denied.

2. Admitted that Governor Scott signed Senate Bill No. 37 into law. All remaining allegations in this paragraph are denied.

3. This paragraph contains no factual allegations requiring a response.

## JURISDICTION AND VENUE

4. This paragraph states a conclusion of law that requires no response.

5. This paragraph states a conclusion of law that requires no response.

6. This paragraph states a conclusion of law that requires no response.

7. Denied that the Court has jurisdiction under 5 U.S.C. §§ 702 and 703 or 20 U.S.C. § 1683. Otherwise this paragraph states a conclusion of law that requires no response.

8. This paragraph states a conclusion of law that requires no response.

## PARTIES

9. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

10. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

11. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

12. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

13. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

14. Admitted.

15. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

16. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

17. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

18. Admitted.

19. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

20. This paragraph states a conclusion of law that requires no response. To the extent it does require a response, it is denied.

21. This paragraph states a conclusion of law that requires no response.

22. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

23. This paragraph states a conclusion of law that requires no response.

24. Admitted only that Aspire Together is incorporated under the laws of Vermont, otherwise, denied for lack of knowledge sufficient to form a belief over the matter asserted.

25. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

26. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

27. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

28. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

29. Admitted.

30. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

31. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

32. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

33. Admitted.

34. Admitted.

35. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

36. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

37. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

38. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

39. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

40. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

41. This paragraph states a conclusion of law that requires no response.

42. Admitted only that Branches Pregnancy Resource Center is incorporated under the laws of Vermont, otherwise, denied for lack of knowledge sufficient to form a belief over the matter asserted.

43. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

44. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

45. Admitted.

46. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

47. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

48. Admitted.

49. Admitted.

50. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

51. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

52. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

53. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

54. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

55. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

56. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

57. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

58. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

59. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

60. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

61. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

62. This paragraph states a conclusion of law that requires no response.

63. This paragraph states a conclusion of law that requires no response.

64. This paragraph states a conclusion of law that requires no response.

65. This paragraph states a conclusion of law that requires no response.

66. Admitted.

67. This paragraph states a conclusion of law that requires no response.

68. This paragraph states a conclusion of law that requires no response.

69. Admitted.

70. This paragraph states a conclusion of law that requires no response.

71. This paragraph states a conclusion of law that requires no response.

72. This paragraph states a conclusion of law that requires no response.

73. This paragraph states a conclusion of law that requires no response.

74. This paragraph states a conclusion of law that requires no response.

75. This paragraph states a conclusion of law that requires no response.

76. This paragraph states a conclusion of law that requires no response.

77. This paragraph states a conclusion of law that requires no response.

78. This paragraph states a conclusion of law that requires no response.

79. This paragraph states a conclusion of law that requires no response.

## FACTUAL BACKGROUND

I. **Pregnancy Services Centers**

80. Admitted that there are many LSPCs across the country that provide a variety of reproductive health services. Otherwise, denied for lack of knowledge sufficient to form a belief over the matter asserted.

81. Admitted that some LSPCs provide ultrasounds and STD testing. Otherwise, denied for lack of knowledge sufficient to form a belief over the matter asserted.

82. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

83. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

84. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

85. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

86. Admitted that many LSPCs do not charge their clients for services. Otherwise, denied for lack of knowledge sufficient to form a belief over the matter asserted.

87. Admitted that a study was published characterizing access to early pregnancy confirmation. Otherwise, denied for lack of knowledge sufficient to form a belief over the matter asserted.

88. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

89. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

90. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

91. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

92. This paragraph does not contain an assertion of fact that requires a response.

II. **Senate Bill No. 37**

93. Admitted.

94. Admitted.

95. The statute speaks for itself.

96. The statute speaks for itself.

97. The statute speaks for itself.

98. The statute speaks for itself.

99. The statute speaks for itself.

100.   Denied.

101.   The statute speaks for itself. Otherwise this paragraph states a conclusion of law that requires no response.

**A.  The Advertising Prohibition**

102.   The statute speaks for itself.

103.   Denied that the statute targets pro-life pregnancy centers. Otherwise, the statute speaks for itself.

104.   The statute speaks for itself.

105.   Admitted that the word "misleading" is not specifically defined in 9 V.S.A. § 2493(a). Denied that the Legislature acted without evidence. Otherwise, the statute speaks for itself.

106.   The statute speaks for itself. Otherwise denied for lack of knowledge sufficient to form a belief over the matter asserted.

107.   The statute speaks for itself. Otherwise this paragraph states a conclusion of law that requires no response.

108.   The statute speaks for itself.

109.   The statute speaks for itself.

110. Admitted.

111. Denied.

112. Admitted that 9 V.S.A. § 2493(a) does not make specific reference to specific language that advertisements may or may not contain.

113. The legislative testimony speaks for itself.

114. This paragraph states a legal conclusion that requires no response.

115. This paragraph states a legal conclusion that requires no response.

116. The legislative testimony speaks for itself.

117. Aspire's website speaks for itself.

118. Exhibit C speaks for itself.

119. Exhibit C speaks for itself.

120. Branches' website speaks for itself.

121. Branches' website speaks for itself.

122. Admitted that the statements alleged in paragraphs 117-121 are true and accurate. The statute speaks for itself.

123. Denied.

124. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

125. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

126. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

127. Denied that abortion pill reversal has ample scientific backing. Admitted that abortion pill reversal is a controversial treatment.

128. The statute speaks for itself.

129. Denied that 9 V.S.A. § 2493(a) would apply to statements about services that Plaintiffs don't provide, including abortion pill reversal.

130. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

131. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

132. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

133. Defendants' motion to dismiss speaks for itself.

134. Denied.

135. Denied that the State has not explored other avenues to advance its interest in the provision of accurate health information.

136. The legislative testimony speaks for itself.

**B. The Provider Restriction**

137. The statute speaks for itself.

138. The statute speaks for itself.

139. Denied that the statute is unclear on whether a licensed health care provider must personally deliver medical services.

140. This paragraph states a legal conclusion that requires no response.

141. The statute speaks for itself.

142. Admitted.

143. The statute speaks for itself.

144. The statute speaks for itself.

145. Admitted that 9 V.S.A. § 2492(b) does not contain a definition of "counseling."

146. The statute speaks for itself.

147. Admitted that the Board of Medical Practice has the authority to conduct investigations. Otherwise, the authorizing statutes speak for themselves.

148. Admitted that the Board of Medical Practice has the authority to conduct evidentiary hearings. Otherwise, the authorizing statutes speak for themselves.

149. Admitted that the Board of Medical Practice has the authority to impose penalties for unprofessional conduct. Otherwise, the authorizing statutes speak for themselves.

150. Admitted that the Office of Professional Regulation has licensing authority over health care providers not under the authority of the Board of Medical Practice. Otherwise, the relevant statutes speak for themselves.

151. Admitted that the Office of Professional Regulation has the authority to investigate professional misconduct. Otherwise, the relevant statutes speak for themselves.

152. Admitted that the Office of Professional Regulation has the authority to conduct evidentiary hearings. Otherwise, the relevant statutes speak for themselves.

153. Admitted that the Office of Professional Regulation has the authority to impose penalties for unprofessional conduct. Otherwise, the authorizing statutes speak for themselves.

154. Admitted that the Office of Professional Regulation has the authority to impose penalties for unprofessional conduct. Otherwise, the authorizing statutes speak for themselves.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. The legislative testimony speaks for itself.

163. This paragraph contains no text and requires no response.

164. Denied.

165. The legislative testimony speaks for itself. Otherwise, denied.

166. Denied.

167. Denied.

168. The statutes speak for themselves. Otherwise, denied.

## COUNT I

169. Defendants incorporate by reference paragraphs 1 through 165.

170. This paragraph states a legal conclusion that requires no response.

171. This paragraph states a legal conclusion that requires no response.

172. This paragraph states a legal conclusion that requires no response.

173. This paragraph states a legal conclusion that requires no response.

174. This paragraph states a legal conclusion that requires no response.

175. This paragraph states a legal conclusion that requires no response.

176. This paragraph states a legal conclusion that requires no response.

177. This paragraph states a legal conclusion that requires no response.

178. This paragraph states a legal conclusion that requires no response.

179. This paragraph states a legal conclusion that requires no response.

180. This paragraph states a legal conclusion that requires no response.

## COUNT II

181. Defendants incorporate by reference paragraphs 1 through 165.

182. This paragraph states a legal conclusion that requires no response.

183. This paragraph states a legal conclusion that requires no response.

184. This paragraph states a legal conclusion that requires no response.

185. This paragraph states a legal conclusion that requires no response.

186. This paragraph states a legal conclusion that requires no response.

187. This paragraph states a legal conclusion that requires no response.

188. This paragraph states a legal conclusion that requires no response.

189. This paragraph states a legal conclusion that requires no response.

190. This paragraph states a legal conclusion that requires no response.

## COUNT III

191. Defendants reincorporate by reference paragraphs 1 through 165.

192. This paragraph states a legal conclusion that requires no response.

193. This paragraph states a legal conclusion that requires no response.

194. This paragraph states a legal conclusion that requires no response.

195. This paragraph states a legal conclusion that requires no response.

## COUNT IV

196. Defendants reincorporate by reference paragraphs 1 through 165.

197. This paragraph states a legal conclusion that requires no response.

198. This paragraph states a legal conclusion that requires no response.

199. This paragraph states a legal conclusion that requires no response.

200. This paragraph states a legal conclusion that requires no response.

201. This paragraph states a legal conclusion that requires no response.

202. This paragraph states a legal conclusion that requires no response.

203. This paragraph states a legal conclusion that requires no response.

204. This paragraph states a legal conclusion that requires no response.

## DEFENSES

1. Sovereign immunity
2. Eleventh Amendment immunity
3. Lack of standing
4. Failure to state a claim
5. Ripeness

DATED at Montpelier, Vermont this 31st day of July 2024.

                    STATE OF VERMONT

                    CHARITY R. CLARK
                    ATTORNEY GENERAL

By:    */s/ David McLean*
        David McLean
        Assistant Attorney General
        Office of the Attorney General
        109 State Street
        Montpelier, VT 05609-1001
        (802) 828-1101
        David.McLean@vermont.gov

        Counsel for Defendants